This appeal arises from a decision, by the Licking County Court of Common Pleas, that Appellee Ricky L. Hoskinson is a "sexual predator" as defined in R.C. 2950.01 (E). The trial court also determined the community notification provisions of Chapter 2950 et seq. violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution. Appellant State of Ohio challenges, on appeal, the trial court's decision concerning the constitutionality of the notification procedures.
The record indicates Appellee Ricky Hoskinson was convicted of gross sexual imposition in 1993. After the enactment of Ohio's version of Megan's Law, in R.C. Chapter 2950, the warden of the Ohio penal institution where appellee is incarcerated recommended that appellee be classified a "sexual predator". Prior to the hearing in this matter, appellee filed a motion challenging the constitutionality of Chapter 2950. The trial court conducted the hearing on January 12, 1998.
On January 13, 1998, the trial court made a factual finding that appellee met the definition of "sexual predator" as defined in R.C. 2950.01(E). The trial court also concluded the notification provisions of Chapter 2950 violate the Retroactivity Clause of the Ohio Constitution. Therefore, the trial court refused to order the Department of Rehabilitation and Corrections to have their files reflect such a finding.
The State of Ohio timely filed a notice of appeal. We subsequently stayed this matter, during the pendency of the appeal of State v. Cook (1998), 83 Ohio St.3d 404, to the Ohio Supreme Court. Following the Ohio Supreme Court's decision, inCook, Appellant State of Ohio filed a brief. Appellee Ricky Hoskinson did not file a brief. Appellant sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN RULING THAT REVISED CODE SECTION 2950.09 WAS UNCONSTITUTIONAL AS BEING A RETROACTIVE LAW IN VIOLATION OF THE OHIO CONSTITUTION.
 I
Appellant State of Ohio contends, in its sole assignment of error, the retroactive provisions of R.C. Chapter 2950 do not violate Section 28, Article II of the Ohio Constitution. We agree.
In the recent case of State v. Cook, supra, the Ohio Supreme Court addressed this issue. The Court stated "* * * the notification provisions of R.C. Chapter 2950 do not violate the prohibition in Section 28, Article II against retroactive laws." Id. at 414.[1]
Based on the above language, we sustain Appellant State of Ohio's sole assignment of error.
Appellant's assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, P. J., Hoffman, J., and Farmer, J., concur.
---------------------
---------------------
 --------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
[1] See, also State v. Leach (March 15, 1999), Licking App. No. 1997CA148, unreported.